BARNETTE, Judge.
This is an appeal from a judgment rejecting plaintiffs petition for damages on account of personal injuries sustained by a small boy who was struck by an automobile while riding a bicycle.
Suit was brought by the father individually, and on behalf of his minor son, against his own automobile liability insurer under the uninsured motorists provision of his policy, and against Harry T. Villar, driver of the uninsured automobile. The basis of the action is the alleged negligence of the uninsured motorist, Villar.
The issues raised by the pleadings in the trial court were: (1) negligence of defendant driver, Villar; (2) contributory negligence of the child cyclist; (3) capacity of the child on account of his extreme youth to be held accountable for contributory negligence; (4) last clear chance; and (5) alternatively, contribution by the child’s father as a joint tort-feasor for permitting his child of such tender age to ride a bicycle on a public street. The child was seven years old.
The judgment of the trial court rejecting plaintiff’s demands and dismissing his suit was based upon a finding of fact on the first issue. The court held that the defendant Villar was not negligent, and the other issues were not reached.
It is so well established in our jurisprudence as to make unnecessary the citation of authorities that except for manifest error an appellate court will not reverse a trial court’s decision based entirely on a finding of fact. A careful examination of the record before us in this case does not indicate such error, and the judgment rejecting plaintiff’s demands must be affirmed.
The child, Ellis M. Bonstaff, Jr., was riding his bicycle on the sidewalk and on the street in the immediate vicinity of his home on Alexander Place in the town of Arabi in St. Bernard Parish at about 6:30 p. m., on August 31, 1962.
Center and LeBeau are parallel streets in that area. The distance between them is not established, but apparently it is the equivalent of at least two blocks. Alexander Street runs from Center Street to LeBeau Street. Between Center and Le-Beau Streets there is a residential street named Alexander Place laid out like a “horseshoe” with both ends open on Alexander Street. There is a school on Alexander Street opposite the entrances to Alexander Place. It was at a point on the school side of the street approximately opposite the Alexander Place opening on Alexander Street nearest LeBeau Street where the child was injured. Defendant Villar was driving from Center Street toward LeBeau Street. The child, riding his bicycle, was struck on Villar’s extreme right side of the street and fell across the curb onto a neutral area. There is no dispute of the fact that Villar’s right front struck the rear wheel of the bicycle on the right side. The child was not struck directly, nor was he run over. The car stopped at the point of impact.
Plaintiff’s version of the accident was that the child was proceeding along Alex *105 ander Street from LeBeau Street on his extreme left side, the school side, toward Villar’s car, and that Villar should have seen him approach from the opposite direction. He charged Villar with failing to keep a proper lookout, speeding, and failure to have his car under control. Plaintiff’s contention is that Villar did see or could have seen the small child and was grossly negligent in disregarding his safety.
The defendant Villar testified that he saw the child riding on the sidewalk where Alexander Place connects with Alexander Street and that they were moving in the same direction, that is, toward LeBeau Street, when suddenly the child turned right, apparently in an attempt to reach the schoolgrounds across the street. In doing so, the child turned directly into the path of his car. Villar estimated his own speed at 25 to 30 miles per hour. The speed limit at that point was 20 miles per hour.
Other than the plaintiff child and defendant Villar, there was only one witness who testified as to how the accident actually occurred. This was a Mrs. Springer who was standing on her driveway at the corner of Alexander Place and Alexander Street approximately opposite the point of impact. She testified that the child was approaching defendant’s car from the direction of LeBeau Street. Admittedly, she did not actually see the impact, because her attention was being given to adjusting a skate on the shoe of her child.
The trial judge placed significance on the uncontradicted fact that the bicycle was struck on the right side of the rear wheel, a fact which indicated that it was moving across the path of defendant’s car. This circumstance, in his opinion, corroborated the version of the accident as related by Mr. Villar. He stated that he was not impressed with the testimony of Mrs. Springer who was not in a position to observe the occurrence of the accident. We find no manifest error in his assessment of the facts.
There is no dispute of the fact that Villar’s car stopped immediately at the point of impact. There is no testimony in the record that he skidded his tires in bringing his car to a complete stop. From these physical facts, we must conclude that Mr. Villar was not driving at an excessive speed in spite of his own estimate of 25 to 30 miles per hour. A sudden stop at that speed would, in our opinion, require a braking action which would leave some skid marks. Neither of the two investigating deputy sheriffs made reference to skid marks, which is a matter of routine reporting in all traffic accident cases. It is significant, we think, that no witness testified to the existence of skid marks.
Since the plaintiff failed to establish by a preponderance of the evidence the negligence of the defendant Villar, it is not necessary to consider the other issues.
The judgment in favor of defendants, Harry T. Villar and Associated Indemnity Corporation, and against plaintiff Ellis M. Bonstaff, Sr., individually and on behalf of his minor son, Ellis M. Bonstaff, Jr., rejecting plaintiff’s demands and dismissing his suit, is affirmed at his cost.
Affirmed.